UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JESSICA SIMON,
              Plaintiff,

                                            **COMPLAINT &**
   v.                                       **JURY DEMAND**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER
JASON KINSELLA,
NEW YORK CITY POLICE OFFICER
MICHAEL KING,
              Defendant(s).
--------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which Plaintiff, JESSICA SIMON, seeks redress for the Defendant's violation of her rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

–1–

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, JESSICA SIMON is a United States Citizen and resident of the United States, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE OFFICER JASON KINSELLA, is and at all times relevant, an officer and employee/agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant POLICE OFFICER JASON KINSELLA is sued individually and in his official capacity. At all times relevant Defendant POLICE OFFICER KINSELLA was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant POLICE OFFICER KINSELLA was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of

Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

9. Defendant NEW YORK CITY POLICE OFFICER MICHAEL KING, is and at all times relevant, an officer and employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant POLICE OFFICER KING is sued individually and in his official capacity.  At all times relevant, Defendant POLICE OFFICER KING, was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful function in the course of his duties.  Defendant POLICE OFFICER KING was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and incidental to his lawful duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

11. Defendant NEW YORK CITY POLICE DEPARTMENT, is a municipal entity created

and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12. In early August 2007 at approximately 3:00 a.m. Plaintiff, who is a resident of New York County, went to her residence located at 689 Columbus Avenue, Apt. 8B. Upon attempting to enter her residence the Plaintiff observed that the lock to her front door had been changed and she could not gain entry. Upon information and belief, the Plaintiff called 911 and then went to knock on the door of the superintendent of the building, who did not open the door. Upon further information and belief, earlier in the year Plaintiff had been involved in litigation with her landlord, which resulted in a settlement allowing Plaintiff to remain in her residence as a tenant. Upon information and belief, Defendant Officers KINSELLA and KING arrived at the location shortly after Plaintiff's call to 911. Upon the arrival of the officers, Plaintiff again went to the superintendent's apartment, this time accompanied by the officers. Upon further information and belief the superintendent opened the door and informed the Plaintiff and the Defendant Police officers that management had instructed him to change the lock to the apartment. Upon information and belief, the Defendant Officers instructed the superintendent to call management. A short while later an individual from management arrived.

13. Upon further information and belief, upon the management representatives' arrival the

Defendant Officers spoke with the representative while the Plaintiff went outside to make a telephone call to her father using the doorman's phone, as her own phone was not charged. Upon information and belief, after making the telephone call the Plaintiff attempted to get back into the building, however she was refused entry by one of the Defendant officers. Upon further information and belief the Plaintiff asked the Defendant officer to let her back in the building whereupon the Defendant Officer suddenly opened the door and started to forcefully push the Plaintiff against the guard desk in the vestibule area of her building. Upon further information and belief, the other Defendant Officer then came into the vestibule and cursed at the Plaintiff, then proceeded to place the Plaintiff in handcuffs with her hands behind her back, causing Plaintiff to sustain an injury to her left wrist. The Plaintiff was then searched and held by the Defendant Officers, who then summoned an ambulance, informing the Plaintiff that she would be involuntarily hospitalized unless she calmed down. Upon further information and belief upon the arrival of the ambulance the Defendant Officers forced the Plaintiff into the ambulance where she was held against her will, while still handcuffed. Upon further information and belief, Plaintiff's boyfriend arrived a short while later and observed the Plaintiff in handcuffs. Plaintiff was subsequently transported to St. Lukes-Roosevelt Hospital, accompanied by the Defendant Officers. The Plaintiff was eventually released from the custody of the Defendant Officers after several hours, without ever being formally charged with the commission of a crime or offense. During the above mentioned incident the Plaintiff was caused tremendous emotional duress and embarrassment. Plaintiff subsequently reported both Defendant

      Officers to the Civilian Complaint Review Board for the abovementioned actions and conduct.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

14. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through thirteen (13) as if fully set forth herein.

15. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JASON KINSELLA acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully detaining, searching and arresting Plaintiff JESSICA SIMON, without probable cause.

16. That the actions of Defendant NEW YORK CITY POLICE OFFICER JASON KINSELLA occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JESSICA SIMON.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

17. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JASON KINSELLA acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully using excessive force, causing physical injury to Plaintiff JESSICA SIMON without probable cause.

19. That the actions of Defendant NEW YORK CITY POLICE OFFICER JASON KINSELLA occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**THIRD FEDERAL CLAIM**

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

20. Plaintiffs incorporate each and every allegation contained in Paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21. That upon information and belief the conduct of Defendant New York City Police Officer MICHAEL KING acting under the color of State Law did violate Section 42 U.S.C. 1983 by unlawfully arresting and detaining Plaintiff JESSICA SIMON.

22. That the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL KING occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant NEW ORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JESSICA SIMON.

## FOURTH FEDERAL CLAIM

## Violation of Right secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution

23. Plaintiff incorporates by reference each and every allegation contained in paragraphs One(1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief the conduct of Defendant NEW YORK CITY POLICE OFFICER MICHAEL KING acting under color of State law did violate Section 42 U.S.C. 1983 by unlawfully using excessive force in effectuating the unlawful arrest of Plaintiff JESSICA SIMON.

25. That the actions of defendant NEW YORK CITY POLICE OFFICER MICHAEL KING occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY of NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JESSICAL SIMON.

## FIRST STATE LAW CLAIM

26. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That the actions of Defendant New York City JASON KINSELLA resulted in the false arrest, detention and search of Plaintiff JESSICA SIMON, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JESSICAL SIMON.

## SECOND STATE LAW CLAIM

28. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Twenty Seven (27) as if fully set forth herein.

29. That the actions of Defendant New York City POLICE OFFCIER JASON KINSELLA resulted in the infliction of emotional distress and physical injury to Plaintiff JESSICA SIMON, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JESSICA SIMON.

### THIRD STATE LAW CLAIM

30. The Plaintiffs incorporates by reference the allegations contained in paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That the actions of Defendant New York City Police Officer MICHAEL KING resulted in the intentional infliction of emotional distress and physical injury to Plaintiff JESSICA SIMON, causing the aforementioned and hereinafter mentioned harm to Plaintiff JESSICA SIMON.

### FOURTH STATE LAW CLAIM

32. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One(1) through Thirty One (31) as if fully set forth herein.

33. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police JASON KINSELLA resulted in the false arrest, detention and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIFTH STATE LAW CLAIM

34. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant New York City Police OFFICER JASON KINSELLA through the doctrine of Respondeat Superior, resulted in the false arrest, detention and search and seizure of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SIXTH STATE LAW CLAIM

36. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer MICHAEL KING resulted in the false arrest, detention and searches and of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SEVENTH STATE LAW CLAIM

38. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Seven (37) as if fully stated herein.

39. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police OFFICER MICHAEL KING, through the doctrine of Respondeat Superior resulted in the false arrest, detention, physical injury, and search of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### EIGHTH STATE LAW CLAIM

40. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

41. That the actions of Defendant New York City Police OFFICER JASON KINSELLA intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, as well as physical pain and suffering.

### NINTH STATE LAW CLAIM

42. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty One(41) as if fully set forth herein.

43. That the actions of Defendant New York City Police Officer MICHAEL KING intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

44.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police OFFICER JASON KINSELLA and New York City Police Officer MICHAEL KING.

3. Punitive Damages against Defendant NEW YORK CITY POLICE DEPARTMENT.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: July 30, 2008

                                                                                    _____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York 10007
(212) 227-7373

| | |
|---|---|
| Filename: | Jessica Simon 1983 Complaint |
| Directory: | C:\Documents and Settings\Victor M. Brown\My Documents |
| Template: | C:\Documents and Settings\Victor M. Brown\Application Data\Microsoft\Templates\Normal.dot |
| Title: | UNITED STATES DISTRICT COURT |
| Subject: | |
| Author: | Victor Brown |
| Keywords: | |
| Comments: | |
| Creation Date: | 7/1/2008 8:30:00 AM |
| Change Number: | 3 |
| Last Saved On: | 7/29/2008 6:18:00 PM |
| Last Saved By: | Victor Brown |
| Total Editing Time: | 112 Minutes |
| Last Printed On: | 8/6/2008 5:19:00 PM |
| As of Last Complete Printing | |
|    Number of Pages: | 12 |
|    Number of Words: | 2,677 (approx.) |
|    Number of Characters: | 14,432 (approx.) |