


RECEIVED
AUG 2 6 2008
CHAMBERS OF
DEBRA FREEMAN
U.S.M.J.

**MICHAEL A. CARDOZO**
*Corporation Counsel*

## THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JESSICA T. COHEN**
*Assistant Corporation Counsel*
jcohen@law.nyc.gov
(212) 788-1895
(212) 788-9776 (fax)

August 25, 2008

**BY FAX**
The Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/27/08

Re: <u>Jessica Simon v. The City of New York, et al.</u>
08 CV 6817 (SHS)(DF)

**MEMO ENDORSED**

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above referenced matter. I write to respectfully request an extension of time from the present date until October 24, 2008 to answer or otherwise respond to plaintiff's complaint on behalf of defendant City of New York.[1] The undersigned attempted to contact plaintiff's counsel, Victor Brown, Esq., for his consent to this request, but was unable to reach him.

    In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff, Jessica Simon, alleges that in "early August" she attempted to enter her residence at 689 Columbus Avenue when she "observed that the lock to her front door had been changed and she could not gain entry." At that time, plaintiff contacted 911 and the superintendent of the building. According to plaintiff's complaint, the superintendent informed both plaintiff and members of the New York City Police Department that management had informed him to change the lock to the apartment. Plaintiff claims that she exited the building to contact her father, and was refused re-entry by the police officers. Plaintiff further claims that the defendant officers "suddenly opened the door and started to forcefully push the Plaintiff against the guard desk." Additionally, plaintiff maintains that she was then handcuffed "causing Plaintiff to sustain an injury to her left wrist." Plaintiff further maintains that she was informed "that she would be involuntarily hospitalized unless she calmed down," and was ultimately transported to St. Lukes-Roosevelt

---

[1] Upon information and belief, defendants New York City Police Department, Police Officer Jason Kinsella, and Police Officer Michael King have not yet been served with process in this action.

Hospital. According to plaintiff she was released several hours later "without ever being formally charged with the commission of a crime or offense." Accordingly, it is necessary for defendant to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from plaintiff's underlying criminal prosecution, including the criminal court file, the District Attorney's file, and even our own police records. In addition, to the extent plaintiff is claiming injuries resulting from the alleged incident, this office is also in the process of forwarding a HIPAA compliant medical release to plaintiff for her execution so that we may access any relevant medical records.

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended to October 24, 2008. Thank you for your consideration of this request.

[bracket] granted -jf

Respectfully submitted,

Jessica T. Cohen (JC 0044)
Assistant Corporation Counsel

cc: Victor M. Brown, Esq. (by fax)
Attorney for Plaintiff

SO ORDERED: DATE: 8/27/08

**MEMO ENDORSED**

**DEBRA FREEMAN**
UNITED STATES MAGISTRATE JUDGE

-2-